Territorial Law Library

FILED
DISTRICT COURT
OF GUAM

2009 AUG -4 AM 9: 33

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF0374-08 |
| | ) |
| vs. | ) |
| | ) |
| JASON M. MOOREHEAD, | ) DECISION AND ORDER |
| | ) |
| Defendant. | ) |
| | ) |

This matter came before the Honorable Alberto C. Lamorena III on May 26, 2009 on Defendant's Motion for Diversion. Attorney Sally A. Tobin appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Jeffery L. Warfield. After reading the parties' briefs, the Court took the matters under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

On August 24, 2008, the Defendant was arrested and subsequently charged with Aggravated Assault and Family Violence as a Third Degree Felony, and Assault as a Misdemeanor.

## DISCUSSION

Though Defendant is statutorily eligible for diversion under Title 9 G.C.A. §30.80(a), the People object to Defendant's motion, arguing that Defendant has allegedly inflicted serious bodily injury, as defined in Title 9 G.C.A. §16.10(c), making Defendant not eligible for the diversion process. Defendant argues that he is in need of treatment and educational programs, and that the victim has signed a waiver declaring she did not suffer serious bodily injury.

-1-

The Court has the discretion, under Title 9 G.C.A. §30.80(e), to consider an application for the diversion process from the Defendant. Under §30.80.1(a), the Court considers the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the Defendant, and any factors which would adversely influence the likelihood of successful completion of the diversion process.

The People allege that the Defendant inflicted several injuries upon the victim, including abrasions to her head, bruising to her bicep, a laceration to her mouth and severe swelling to her facial area. Under Title 9 G.C.A. §16.10(c), these allegations do not rise to the level of serious bodily injury. Though Defendant has a prior criminal record, there are no prior incidents of family violence. Defendant's prior record, and current open cases, weigh adversely against the likelihood that he will successfully complete the diversion process. However, none of Defendant's priors appear to be crimes of a violent nature.

## CONCLUSION

Based on the above, Defendant's Motion for Diversion is hereby GRANTED. A trial setting will be held on August 17, 2009 at 2:00 P.M.

**IT IS SO ORDERED** this 3rd day of August, 2009.

Original Signed By:
Hon. Alberto C. Lamorena, III

Alberto C. Lamorena III
Presiding Judge
Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 0 4 2009

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

-2-